**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH WRIGHT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-03748-PX |
| AMERITAS LIFE INSURANCE CORP., | * | |
| | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM ORDER**

Pending is Defendant Ameritas Life Insurance Corporation ("Ameritas")'s motion for judgment on the pleadings, motion to stay discovery, and motion to file an out-of-time reply. ECF Nos. 44, 46 & 47. Also pending is Plaintiff Kenneth Wright ("Wright")'s motions for summary judgment, to clarify corporate status, to strike Ameritas' reply to its motion to stay as untimely, and for "limited threshold discovery." ECF Nos. 19, 40, 50 & 51. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, and for the following reasons, the Court GRANTS the motion for judgment on the pleadings, ECF No. 44, grants nunc pro tunc Ameritas' motion for additional time, and DENIES the remaining motions as moot.

This matter concerns a disability income insurance policy that Ameritas issued to Wright. ECF No. 1 ¶ 1. The policy provides monthly disability benefits, reimbursement of COBRA[1] premiums, and a non-disabling injury payment upon timely proof of loss. *Id.* ¶ 5. On August 21 and September 3, 2024, Wright submitted documents in connection with a claim, and Ameritas did not timely process the claim. *Id.* ¶¶ 6, 8–9. Ameritas next refused to process the claim without

---

[1]The Consolidated Omnibus Budget Reconciliation Act (COBRA) gives employees who lose health benefits a limited time to continue group health benefits provided by the employer. *See* PL 99–272, April 7, 1986, 100 Stat 82.

Wright's employer verifying the same. *Id.* ¶ 7. As a result, Wright's COBRA payments lapsed which "exacerbated [his] mental health condition." *Id.* ¶ 10. Wright also complains that Ameritas refused his "multiple ADA accommodation requests" and "insisted on an in person visit without clear justification." *Id.* ¶¶ 11–12. From this, Wright sues Ameritas for breach of contract, namely the disability income policy (Count I); "bad faith claims practices" in violation of Maryland Insurance Code § 27-303 (Count II); failure to accommodate his disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (1990) (Count III); non-specific "privacy violations" for "requesting unnecessary and irrelevant personal information" in connection with his claim, in violation of "HIPAA" (Count IV); negligence in failing to process Wright's claim (Count V); and engaging in "unfair and deceptive trade practices" in violation of the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., Com. Law § 13-301 (Count VI).

Ameritas now moves for judgment on the pleadings as to all claims. Federal Rule of Civil Procedure 12(c) allows for such a motion at any time so long as the motion does not delay trial. FED. R. CIV. P. 12(c). Where, as here, the defendant has answered the complaint, the motion is properly one brought under Rule 12(c), but the distinction between it and a motion to dismiss under Rule 12(b)(6) is "one without a difference." *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, the Court construes all complaint facts as true and most favorably to Wright as the non-movant. *Id.* While pro se pleadings must be read liberally to allow for the development of a potentially meritorious case, the Court cannot ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

2

Where no set of facts can satisfy the claim such that a plaintiff could be entitled to relief, judgment under Rule 12(c) is warranted.

Ameritas first contends that the breach of contract, bad faith, and negligence claims (Counts I, II, and V) must be dismissed for failure to exhaust administrative remedies.  ECF No. 44-1 at 3.  Under the Maryland Insurance Code, any party to a policy providing disability insurance must first exhaust administrative remedies before filing suit to "determine the coverage that exists under the insurer's insurance policy."  MD. CODE ANN., Cts. & Jud. Proc. § 3-1701(c); *see also* § 3-1701(a)(4)(i) (defining "disability insurance"); § 3-1701(b) (stating the section applies to first party claims under "individual disability insurance policies issued, sold, or delivered in the State.").[2]  Article 27 of the Insurance Code sets forth explicitly the procedure that must be followed in determining insurance coverage prior to filing suit in court.  MD. CODE ANN., Ins. § 27-1001(d).  Absent a showing that such remedies have been exhausted, claims challenging denial of coverage cannot proceed in this Court.  *See, e.g.*, *Spinnaker Ins. Co. v. Renderos,* Civ. No. DKC 22-1636, 2023 WL 200272, at *4 (D. Md. Jan. 17, 2023).

Wright does not meaningfully contest that he failed to exhaust remedies before suing Ameritas.  Rather, he asserts, without authority, that the Court should excuse his failure on futility grounds.  ECF No. 45 at 3–6.  The Court can find no support for this contention, and because Wright did not exhaust his administrative remedies, the claims relating to Ameritas' denial of coverage[3] cannot go forward.

---

[2] The narrow exceptions to this exhaustion rule do not apply here.  MD. CODE ANN., Cts. & Jud. Proc. § 3-1701(C)(2).  Wright oddly cites this provision as imposing a notice requirement on Ameritas, ECF No. 45 at 16, when the provision plainly does nothing of the sort.

[3] The negligence claim, as pleaded, independently fails because the duty "owed to an insured for failure to settle a claim sounds in contract and not in tort."  *Yates v. W. World Ins. Co.,* Civ. No. JKB-22-0976, 2022 WL 14758285, at *6 (D. Md. Oct. 25, 2022) (quoting *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001)) (internal citation omitted).

Additionally, the bad faith claim, Count II, fails for another reason.  Wright alleges that Ameritas violated MD. CODE ANN., Ins. § 27-303 when, in bad faith, it delayed review of, and imposed unfair procedural barriers on, Wright's claim.  ECF No. 1 ¶¶ 14–15.  Section 27-303 prohibits an insurer from issuing an untimely, arbitrary, or capricious refusal to settle a claim.  *See* MD. CODE ANN., Ins. § 27-303.  But relief under this section must be pursued through "administrative remedies only."  *Id.* at § 27-301.  And any appeals from an adverse decision must be pursued in accordance with § 2-215.  *See* MD. CODE ANN., Ins. § 27-306.  *See also Dern v. Liberty Mut. Ins. Co.*, Civ. No. GJH-15-1737, 2015 WL 8665329, at * 3 (D. Md. Dec. 11, 2015).  Thus, this Court cannot consider the claim, and the count is dismissed.

Next as to Count III, the ADA's reasonable accommodation protections extend only to employer-employee relationships.  *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."), *and* § 12111(8) ("The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.").  *See also Smith v. CSRA*, 12 F.4th 396, 412 (4th Cir. 2021).  Ameritas is plainly not Wright's employer.  Thus, the ADA claim cannot proceed.

Nor will the Court permit Wright to recast the count as one brought under a separate "public accommodations" provision of the ADA.  ECF No. 45 at 25.  Wright expressly averred a straightforward denial of accommodations reserved for an employer-employee relationship and even referenced Ameritas' refusal to engage in an "interactive process" that is only applicable to

that section.  ECF No. 1 ¶ 17.  The Court will not permit Wright to inject new causes of action of dubious validity into his response.

Likewise, the HIPAA claim (Count IV) fails because the statute confers no private cause of action.  HIPAA prohibits the knowing and unauthorized disclosure of "individually identifiable health information to another person."  42 U.S.C. § 1320d-6(a)(3), (b).  Putting to the side how exactly Ameritas violated HIPAA, even if it did, Wright cannot sue Ameritas directly under the statute.  *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (holding HIPAA does not confer a private right to sue) (collecting cases).  Thus, the HIPAA claim cannot proceed.

Lastly, the alleged MCPA violation (Count VI) does not extend to an "insurance company authorized to do business in the State."  MD. CODE ANN., Com. Law § 13-104.  *See also Hencken v. Servpro of Carroll Cnty.*, No. 1104, Sept. term, 2022, 2024 WL 910327, at *11 (Md. App. Ct. Mar. 4, 2024) ("dispos[ing] quickly" of an MCPA violation against an "insurance company authorized to do business in the State" under § 13-104(1)).  Wright offers no meaningful response to this plain statutory exclusion.  This count, too, must be dismissed.

Wright, in response, asks the Court for leave to amend the Complaint.  ECF No. 45 at 34. This is so despite Wright's dereliction in seeking amendment during the time permitted in the Scheduling Order, ECF No. 14.  Nor has he demonstrated any good cause to permit amendment and reopen this matter after discovery has closed.  *Id.*  Indeed, Wright has burned the resources of Ameritas and this Court with scores of borderline frivolous motions and unnecessarily long and irrelevant responses to Ameritas' requests for relief.  *E.g.*, ECF No. 42 (resolving 14 motions); ECF No. 45 (Wright's largely irrelevant 38-page response with ten exhibits).  More to the point,

he has made no showing of good cause to permit amendment.  ECF No. 45 at 34.  The request to amend the Complaint is denied and the motion for judgment on the pleadings is granted.[4]

Based on the foregoing, on this 12th day of March, 2026, the United States District Court for the District of Maryland hereby **ORDERS**:

1. The Motion for Judgment on the Pleadings filed by Defendant Ameritas Life Insurance Corporation (ECF No. 44) is **GRANTED**, and all claims are **DISMISSED**;

   a.   The claims that fail for lack of exhaustion (Counts I, II and V) are dismissed without prejudice;

   b.   The remaining claims (Counts III, IV, and VI) are dismissed with prejudice for failure to state a statutorily recognized cause of action;

2. The remaining motions filed by Plaintiff Kenneth Wright, ECF Nos. 19, 40, 50, and 51 are **DENIED** as **MOOT**;

3. The motion for extension of time filed by Ameritas, ECF No. 47, is **GRANTED** nunc pro tunc;

4. The Clerk is **DIRECTED** to **TRANSMIT** this Memorandum Order to Ameritas, **MAIL** a copy to Wright; and

5. **CLOSE** this case.

March 12, 2026
Date

/S/

Paula Xinis
United States District Judge

---

[4] Accordingly, Wright's motions for summary judgment, ECF No. 19, to "clarify defendant's corporate status," ECF No. 40, to strike Ameritas' reply, ECF No. 50, and for "limited threshold discovery, ECF No. 51, are denied as moot; as is Ameritas' motion to stay at ECF No. 46. The Court grants Ameritas' motion for extension of time at No. 47 nunc pro tunc.